UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHEN CHAO,

              Plaintiff,

       - against -

ERIC HOLDER, JR., in his official capacity as
United States Attorney General; JANET
NAPOLITANO, in her official capacity as Secretary
of the Department of Homeland Security;
CHRISTOPHER SHANAHAN, individually and in
his official capacity as Field Office Director, ICE
Office of Detention and Removal Operations in New
York; MELVIN CHAVEZ, individually and in his
official capacity as Deportation Officer,
Immigrations and Customs Enforcement; OFFICER
GASTON, individually and in her official capacity
as guard at the Varick Street Detention Center;
LIEUTENANT SMITH, individually and in his
official capacity as guard at the Varick Street
Detention Center; GENERAL SERVICES
ADMINISTRATION; CORRECTIONS
CORPORATION OF AMERICA; and AHTNA
TECHNICAL SERVICES, INC.,

              Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
10-CV-2432 (RRM)(LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff brings this action for monetary and equitable relief against defendants United States Attorney General Eric Holder, Jr., and Secretary of the Department of Homeland Security Janet Napolitano, in their official capacities; Immigration and Customs Enforcement ("ICE") employees Christopher Shanahan and Melvin Chavez, in their official and individual capacities; and the General Services Administration, a federal agency (this Memorandum and Order refers to the above defendants collectively as the "federal defendants"). Also named as defendants are two private entities, Corrections Corporation of America ("CCA"), and Ahtna Technical

Services, Incorporated ("Ahtna"), and two Ahtna employees, Officer Gaston and Lieutenant Smith. Plaintiff seeks to hold defendants liable for a raft of alleged constitutional violations arising out of an injury plaintiff allegedly suffered at the hands of a fellow inmate while detained in a Manhattan ICE facility awaiting removal.

Presently before the Court is the federal defendants' motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim, pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. (Notice of Mot. (Doc. No. 29) at 1.) For the reasons stated below, federal defendants' motion is GRANTED, and all federal and state claims against these defendants are DISMISSED.

## BACKGROUND

The following facts are drawn from plaintiffs' complaint, the factual allegations of which are taken as true for purposes of defendants' motion to dismiss. *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). Plaintiff is a native citizen of the People's Republic of China who currently resides in Queens, New York. (Compl. (Doc. No. 1) ¶ 17.) In February 2001, plaintiff was ordered removed from the United States pursuant to a final order of removal signed by an immigration judge. (*Id.* ¶¶ 27, 29.) ICE first detained plaintiff at its Varick Street Detention Facility, located at 201 Varick Street, Manhattan, in February 2005, and released him in December 2005 pursuant to an Order of Supervision, after failing to obtain from the Chinese Consulate in New York the travel document necessary to execute plaintiff's removal. (*Id.* ¶ 27.) Plaintiff was subsequently incarcerated for violating a condition of supervised release, though

the complaint does not provide specifics of the offense or the nature of the condition violated.[1]
(*Id.* ¶¶ 14, 28.) Plaintiff was transferred on June 19, 2009 to ICE custody at the Varick facility. (Compl. ¶¶ 3, 14, 28, 37.) On September 3, 2009, "ICE officers" – unnamed in the complaint – held an initial custody review and decided to continue plaintiff's detention. (*Id.* ¶ 37.) On January 8, 2010, anonymous "ICE officers" performed another custody review, and again determined to keep plaintiff in custody. (*Id.* ¶¶ 5, 34.) On January 28, 2010, the "Embassy of China notified ICE that they [sic] could not issue a travel documents [sic] for plaintiff."[2] (*Id.* ¶¶ 6, 35.) On February 3, 2010, plaintiff was "attacked in his sleep by [fellow inmate Yu Sheng] Huang, who punched Mr. Chen in the head and eyes." (*Id.* ¶ 38.) Huang is alleged throughout the complaint to have suffered from unspecified "mental incapacitation," "mental disturbance," and "mental infirmity." (*See, e.g.*, *id.* ¶¶ 8, 65, 66, 86, 103, 161.) As a result of the attack, plaintiff "temporarily los[t] sight in his left eye," his "vision became blurry, and he suffered from pain and sensitivity in his left eye." (*Id.* ¶¶ 39–40.) At some unspecified time, plaintiff was "diagnosed with a traumatic vitreous hemorrhage in his left eye." (*Id.* ¶ 41.) On February 16, 2010, plaintiff was released from detention pursuant to an Order of Supervision. (*Id.* ¶ 37.)

Plaintiff filed the instant action in May 2010. In July 2010, plaintiff and defendant CCA submitted a stipulation of dismissal of plaintiff's claims against CCA without prejudice. (Stipulation of Dismissal (Doc. No. 4) at 1). As more fully discussed below, plaintiff alleges that

---

[1] It appears that the condition plaintiff violated involved the failure to report a change of residence, and that the underlying offense was a Hobbs Act robbery to which plaintiff pled guilty in December 2004. *See* Change of Plea to Guilty, Dec. 22, 2004; Judgment, Jan. 14, 2005 (Doc. No. 20); Minute Entry, May 13, 2009; Judgment, June 24, 2009 (Doc. No. 22), *United States v. Chen Chao*, 03-CR-739 (JGK) (S.D.N.Y. 2009); Decl. of Margaret Kolbe, Ex. C (Doc. No. 29-4), at 13–15. The Court may take judicial notice of plaintiff's prior criminal proceedings because they are matters of public record and integral to plaintiff's claim here. *See, e.g.*, *Liberty Mut. v. Rotches Pork Packers*, 969 F.2d, 1384, 1388 (2d Cir. 1992) (public records); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) (documents integral to plaintiff's claim).

[2] In describing ICE's attempts to procure plaintiff's travel documents, plaintiff's allegations, while hardly the model of clarity though drafted by counsel, vacillate arbitrarily between the Chinese Consul in New York and the Chinese Embassy in Washington, D.C. (*Compare, e.g.*, Compl. ¶¶ 2, 3, 30 (Chinese Consulate handles travel document requests) with *id.* ¶¶ 5, 6 (Chinese Embassy handles travel document requests).)

3

he was deprived of various constitutional and civil rights because the federal defendants failed to protect him from the injury he suffered at the hands of Huang. The federal defendants filed the instant motion to dismiss on March 25, 2011 (Notice of Mot. (Doc. No. 29) at 1), pursuant to a briefing schedule set at a pre-motion conference held on November 17, 2011,[3] at which plaintiff's counsel failed to appear. (*See* Minute Entry, Nov. 17, 2010 (Doc. No. 22) at 1.) The federal defendants move to dismiss all claims against them in their official capacities for failure to state a claim under *Bivens*, and failure to exhaust under the Federal Tort Claims Act; all claims for injunctive relief for mootness; and all claims against Chavez and Shanahan in their individual capacities for failure to state a claim, and on grounds of qualified immunity. The federal defendants also move to dismiss all claims against Chavez and Shanahan in their personal capacities for failure to serve. For the reasons set forth below, these motions are GRANTED in their entirety.

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the court to examine the legal, rather than factual, sufficiency of a complaint. *Harris*, 572 F.3d at 71. As required by Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state

---

[3] Defendants move in the alternative for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Because plaintiff's claims are dismissed, and because the Court gave permission only for a motion to dismiss at the pre-motion conference, the Court declines defendant's request to treat the instant motion as one for summary judgment. *See, e.g., Mimms v. Carr*, No. 09-CV-5740 (NGG)(LB), 2011 WL 2360059, at *1 (E.D.N.Y. June 9, 2011). Accordingly, in disposing of the federal defendants' motion to dismiss under Rule 12(b)(6), the Court has not considered the affidavits, exhibits, or Local Rule 56.1 Statement they submitted. Ahtna and Gaston answered the complaint, and via letter expressly declined to move to dismiss. (*See* Letter dated Aug. 20, 2010 (Doc. No. 9) at 1.) Ahtna and Gaston requested, and received, leave to file briefs in connection with the instant motion, but have not availed themselves of the opportunity to do so. *See id.* Smith has not filed an answer to the complaint, though on August 20, 2010, plaintiff filed an affidavit attesting to service on Smith. (Summons Returned Executed (Smith) (Doc. No. 18).)

a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

A court considering a 12(b)(6) motion must "take[ ] factual allegations [in the complaint] to be true and draw[ ] all reasonable inferences in the plaintiff's favor." *Harris*, 572 F.3d at 71 (citation omitted). A complaint need not contain " 'detailed factual allegations,' " but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, the plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The determination of whether "a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157–58 (2d Cir. 2007)).

## DISCUSSION

### I. Official capacity claims

The federal defendants argue that the Court lacks subject matter jurisdiction over plaintiff's claims against them in their official capacities, and therefore must dismiss those claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Under Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("A case is properly dismissed for

lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."). In reviewing a motion to dismiss under Rule 12(b)(1), the court must accept as true all material factual allegations in the complaint, but is not required to draw all reasonable inferences in the plaintiff's favor. *J.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004). Rather, a plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *Makarova*, 201 F.3d at 113. Additionally, in deciding a 12(b)(1) motion, the district court may rely on and refer to evidence outside the pleadings. *Id.* ("In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings").

### A. Claims arising under *Bivens*

The thirteen "counts" of plaintiff's complaint are phrased in terms alleging violations of plaintiff's rights arising under the federal Constitution, or federal civil rights statutes, such as 42 U.S.C. § 1983. (*See* Compl. ¶¶ 42, 53, 62, 80, 89, 104, 115, 123, 133, 141, 146, 157). Therefore, although the complaint does not mention *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), plaintiff's claims against the federal defendants are properly characterized as claims arising under *Bivens*. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) (characterizing claims against federal agencies and officers sounding in constitutional and civil rights claims as *Bivens* claims).

Plaintiff seeks to hold the federal defendants liable in their official capacities, alleging that their deliberate indifference caused him to be subject to an assault by Huang, and that he was subsequently denied medical treatment, in violation of his constitutional rights. The claims against the federal defendants in their official capacities must be dismissed on sovereign
6

immunity grounds.  "It is settled law that 'the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.' " *Vapne v. U.S. Postal Serv.*, 101 F.3d 109 (table), No. 95-6237, 1996 WL 137692, at *1 (2d Cir. Mar. 26, 1996) (quoting *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981)) (some internal quotation marks omitted).  " 'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.' " *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) (quoting *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999)) (some internal quotation marks omitted).  Moreover, sovereign immunity extends to officers of the United States when they "act in their official capacities," *Dotson v. Griesa*, 398 F.3d 156, 177 (2d Cir. 2005), because such actions are "essentially a suit against the United States." *Robinson*, 21 F.3d at 510.

The United States has not waived sovereign immunity for constitutional tort claims against itself, its agencies, or federal employees sued in their individual capacities. *See, e.g.*, *Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994).  Thus, no statute or other rule establishes the required consent permitting *Bivens* claims to be brought against the federal defendants. *See, e.g.*, *Culbertson v. Cameron*, No. 08–CV–4838 (SLT)(LB), 2010 WL 1269777, at *3 (E.D.N.Y. Mar. 30, 2010) (dismissing plaintiff's official capacity *Bivens* claims against prison employees and medical staff at MDC based on sovereign immunity in the absence of consent by statute or other means).  Accordingly, the federal defendants' motion to dismiss plaintiff's *Bivens* claims against the federal defendants in their official capacities is GRANTED and those claims are DISMISSED.

### B. Claims arising under the Federal Tort Claims Act

To the extent plaintiff's complaint may be read to assert common law negligence claims against the federal defendants in their official capacities, the claims must be dismissed for failure to allege exhaustion under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq*. The FTCA provides the exclusive remedy for "personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). The waiver of sovereign immunity under the FTCA is subject to the requirement that a claimant first present the claim to the appropriate federal agency:

> An action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Therefore, a plaintiff is barred from bringing a tort suit unless and until the tort claim has been finally denied in writing by the agency, or at least six months have elapsed since the filing of the claim without any agency action. *Id.* This requirement "is jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). Here, plaintiff's complaint makes no allegation that that plaintiff exhausted his administrative remedies, nor makes any mention whatsoever of presentment. Accordingly, the federal defendants' motion to dismiss plaintiff's claims of common law tort against the United States, its agencies, and officials in their official capacities arising under the FTCA waiver of sovereign immunity is GRANTED and those claims are DISMISSED without prejudice. *See Hewitt v. United States*, No. 10-CV-5774 (BSJ), 2011 WL 2419856, at *4 (S.D.N.Y. June 6, 2011).

## II. Injunctive relief

Plaintiff also seeks an order requiring defendants "to separate mentally disabled detainees from the general population; . . . . to provide adequate medical care to individuals injured while in detention; . . . . and to adhere to the statutorily mandated 90 and 180 days in which to remove detainees." (Compl. ¶¶ 172(4)–(6).) Defendants contend that plaintiff's release from detention moots these claims, as plaintiff no longer has a sufficiently concrete interest in their resolution. For the reasons below, the Court agrees.

"Article III, Section 2 of the United States Constitution limits the subject matter of the federal courts to cases that present a 'case or controversy.' " Butler v. Dolce, No. 03-CV-0608 (NPM), 2006 WL 3359311, at *2 (N.D.N.Y. Nov. 16, 2006) (citing, *inter alia*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) and *Baur v. Veneman*, 352 F.3d 625, 631–32 (2d Cir. 2003)). Thus, where "the issues presented [by a party in an action] are no longer 'live,' or the part[y] lack[s] a legally cognizable interest in the outcome," the federal action is properly dismissed as moot. *Monroe Equities LLC v. Village of Monroe*, 419 F. App'x. 112, 114 (2d Cir. 2011) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)); *see Lavin v. United States*, 299 F.3d 123, 128 (2d Cir. 2002); *Yekimoff v. N.Y. State Div. of Parole*, No. 02-CV-8710 (BSJ), 2003 WL 22305171, at *1 (S.D.N.Y. Oct. 8, 2003). Courts in this Circuit routinely dismiss as moot petitions for habeas corpus by immigration detainees who challenge their detention, or seek injunctive relief pertaining to conditions of confinement, where the detainee has been released from detention pursuant to an order of supervision. *See Karamoke v. U.S. Homeland Sec.*, No. 09-CV-4089 (GBD)(JCF), 2009 WL 2575886, at *3 (S.D.N.Y. Aug. 20, 2009); *Masoud v. Filip*, No. 08-CV-6345 (CJS)(VEB), 2009 WL 223006, at *6 (W.D.N.Y. Jan. 27, 2009); *Singh v. Mule*, No. 07-CV-6387 (CJS)(VEB), 2009 WL 204618, at *9 (W.D.N.Y. Jan. 27, 2009); *Baptiste v.*

*INS*, No. 06-CV-0615 (NG), 2006 WL 3050884, at *2 (E.D.N.Y. Oct. 23, 2006); *Christian v. Bureau of Prisons*, No. 04-CV-6526 (HB), 2005 WL 2033381, at *2; *Williams v. INS*, No. 02-CV-3814, 2005 WL 1994102 (GBD)(GWG), at *2 (S.D.N.Y. Aug. 18, 2005); *Sayavong v. McElroy*, No. 00-CV-922 (WHP)(FM), 2003 WL 470576, at *3 (S.D.N.Y. Jan. 9, 2003); *Johnson v. Reno*, 143 F. Supp. 2d 389, 391 (S.D.N.Y. 2001). Accordingly, as plaintiff has been released from detention pursuant to an order of supervision, defendant's motion to dismiss is GRANTED with respect to plaintiff's claims for injunctive relief, and those claims are DISMISSED.[4]

### III. Claims against Shanahan and Chavez

#### A. Personal involvement

It is well-established that a defendant may be held liable for a constitutional tort violation only if that defendant personally subjects, or causes to be subjected, any person to the deprivation of a federal right. *See Gill v. Mooney*, 824 F.2d 192 (2d Cir.1987) (absent personal involvement in allegedly unlawful conduct of subordinates, there can be no liability); *Williams v. Smith*, 781F.2d 319, 323 (2d Cir. 1986) (plaintiff must show defendants participated directly or were somehow involved in actions alleged to have caused the deprivation). To state a constitutional tort claim, "a Plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Conclusory allegations are not sufficient. *Id*.

---

[4] In his memorandum in opposition, plaintiff for the first time claims that the Administrative Procedure Act ("APA") provides grounds for equitable relief here. However, the above analysis concerning mootness applies with the force of stronger logic to any APA claim because the APA grants authority to review only "final agency action" where the remedy sought would redress the alleged injury. *See* 5 U.S.C. § 704; *Air Espana v. Brien*, 165 F.3d 148, 152 (2d Cir. 1999); *N.Y. Coastal P'ship v. U.S. Dep't. of Interior*, 341 F.3d 112, 118 (2d Cir. 2003). Here, it is not at all clear that the injunctive relief sought involves any "final agency action" for these purposes, nor is it apparent that the injunction sought would redress the injuries plaintiff claims to have suffered. Plaintiff, therefore, has failed to demonstrate that he is entitled to injunctive relief under the Administrative Procedure Act.

A plaintiff can satisfy the personal involvement requirement by showing that each high-ranking defendant either (1) participated directly in the alleged constitutional violation; (2) was informed of the violation and failed to remedy it; (3) created, or permitted continuation of, a policy or custom under which unconstitutional practices occurred; (4) was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) failed to act on information indicating the unconstitutional acts were occurring. *See Thomas v. Ashcroft*, 470 F.3d 491, 496–97 (2d Cir. 2006).

Plaintiff's complaint is devoid of specific factual allegations of Shanahan's and Chavez' personal involvement in plaintiff's injuries. Instead, the complaint alleges only that plaintiff's injuries "involved" unnamed "officers" of the Department of Homeland Security. (*See, e.g.*, Compl. ¶ 48.) Plaintiff alleges that "various detainees had complained to ICE officials that Huang was mentally disturbed and a danger to their safety," and that unnamed "guards knew of the risk posed by Huang but refused to remove [him] from the cell." (*Compl.* ¶¶ 55–57.) Plaintiffs allegations vaguely refer to "ICE Officers," "guards," and "prison doctors," without a single reference to Chavez or Shanahan. (*See, e.g.*, Compl. ¶¶ 66–68, 71, 90–94, 100, 107–109, 111–113, 125, 127–128, 134, 149, 160.) In his Memorandum in Opposition, plaintiff alleges that Chavez' and Shanahan's titles – Detention Officer and Field Officer Director, respectively – are sufficient to allow the Court to assume their personal involvement. However, " 'each Government official, his or her *title notwithstanding*, is liable only for his or her own misconduct.' " *Aguilar v. Immigration & Customs Enforcement*, No. 07-CV-8224 (JGK), 2011 WL 3273160, at *9 (S.D.N.Y. Aug. 1, 2011) (quoting *Iqbal*, 129 S.Ct. at 1948–49). Except in the most conclusory, general terms, plaintiff has not demonstrated how Chavez or Shanahan, has played any role whatsoever in bringing about plaintiff's injury.

11

Moreover, to the extent that plaintiff seeks to hold Shanahan as supervisor responsible for the actions of his subordinates, those claims must fail. It is well-established that "the doctrine of *respondeat superior* . . . does not suffice to impose liability for damages under section 1983 on a defendant acting in a supervisory capacity." *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 753 (2d Cir. 2003); *see also Iqbal*, 129 S.Ct. at 1949 ("Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct. Allegations of mere 'knowledge and acquiescence' by supervisors are insufficient.")

For all of these reasons, plaintiff has failed to state a claim against Shanahan and Chavez, and the federal defendants' motion to dismiss plaintiff's claims against them is GRANTED, and those claims are DISMISSED.[5]

### B. Sufficiency of service

As an alternative ground, the federal defendants argue that plaintiff failed to serve Shanahan and Chavez, and move for dismissal pursuant to Rule 12(b)(5). With respect to a Rule 12(b)(5) motion to dismiss, "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006) (internal quotation marks and citation omitted); *see Adeleke*, 355 F.3d at 150 (noting the " 'requirement that jurisdiction be

---

[5] To the extent plaintiff seeks to hold Shanahan and Chavez individually liable for the mere detention of plaintiff by ICE, as divorced from their role, if any, in causing plaintiff's injury at the hands of Huang, the Court finds that the claim is barred by 8 U.S.C. § 1252(g). Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." The decision to detain plaintiff, and continue his detention, in execution of a valid removal order, is within the Attorney General's discretionary power, and the Court, therefore, is without jurisdiction to hear plaintiff's challenge to it. *See Duamutef v. INS*, 386 F.3d 172, 181 (2d Cir. 2004) (courts lack jurisdiction to hear challenges to Attorney General's decision to detain aliens subject to removal orders). As plaintiff's claims are dismissed for failure to state a claim, the Court does not reach the federal defendant's claim that Chavez and Shanahan are entitled to qualified immunity. *See, e.g., Rotenberg v. Town of Mamaroneck*, No. 08-CV-4703 (JSR), 2010 WL 3468051, at *3 (S.D.N.Y. Aug. 24, 2010). Moreover, for the reasons set forth in federal defendants' motion papers, the Court will not imply a *Bivens*-type remedy for disputes about immigration removal and custody. *See* Federal Defs.' Mem. in Supp. of Mot. (Doc. No. 29-2) at 18-26.)

established as a threshold matter' " (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998))). "[T]he plaintiff bears the burden of proving adequate service." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298–99 (2d Cir. 2005) (citation omitted). The plaintiff must, "through specific factual allegations and any supporting materials, make a prima facie showing that service was proper." *Kwon v. Yun*, No. 05-CV-1142 (GEL), 2006 WL 416375, at *2 (S.D.N.Y. Feb. 21, 2006) (collecting cases). "Conclusory statements are insufficient to overcome a defendant's sworn affidavit that he was not served." *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002) (citing *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997)). The court may "look to matters outside the complaint to determine whether it has jurisdiction." *Id.* at 387.

### a. Service on United States officers

"To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." Fed. R. Civ. P. 4(i)(3). Defendants do not dispute that plaintiff properly served the United States under Rule 4(i)(1) as to both Chavez and Shanahan.

Pursuant to Rule 4(e)(1), an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In New York, an individual may be served

> by delivering the summons within the state to a person of suitable age and discretion at the actual place of business . . . of the person to be served and by . . . mailing the summons to the person to be served . . . at his or her actual place of business in [a prescribed container], such delivery and mailing to be effected within twenty days of

each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing; proof of service shall identify such person of suitable age and discretion and state the date, time and place of service.

N.Y. C.P.L.R. 308(2). Here, plaintiff filed proof of service with the Court on August 20, 2010, indicating that he served defendants Chavez and Shanahan by delivery of the summons to a "staff assistant" named Angela Campoverde at 26 Federal Plaza, Room 1105, Manhattan, on June 2, 2010. (Summons Returned Executed (Chavez) (Doc. No. 12) ("Chavez Summons"); Summons Returned Executed (Shanahan) (Doc. No. 17) ("Shanahan Summons").) On June 3, 2010, plaintiff mailed the summonses to Campoverde at the same address. (Chavez Summons at 2; Shanahan Summons at 2.)

The federal defendants do not dispute that Campoverde is a person of suitable age and discretion, nor that plaintiff's subsequent mailing was appropriate with respect to timing and form. Defendants also concede that 26 Federal Plaza "could be said to be Shanahan's 'actual place of business' " for purposes of the statute. (Federal Defs.' Reply in Supp. of Mot. (Doc. No. 31) at 4.) The federal defendants claim, however, that service is insufficient for two reasons: first, with respect to Chavez only, because 26 Federal Plaza is not Chavez' "actual place of business"; and, second, with respect to both Chavez and Shanahan, because plaintiff failed to file proof of service within twenty days of mailing copies of the summonses to Chavez and Shanahan. For the reasons below, the Court finds service improper solely with respect to Chavez.

### i. Chavez' "actual place of business"

The term "actual place of business" has been defined as a place where the defendant is regularly physically present or regularly transacts business. *Underwood v. Shukat*, No. 01-CV-786 (HB), 2002 WL 1315597, at *1 (S.D.N.Y. June 14, 2002). The federal defendants assert that

14

Chavez' actual place of business is 201 Varick Street, Manhattan. Plaintiff's delivery at the Federal Plaza address is indeed mystifying, as *plaintiff himself*, in his complaint, alleges that "Defendant Chavez's principal place of employment is 201 Varick Street" (Compl. ¶ 21) and offers no "specific factual allegations [or] any supporting materials" in support of the contention that the Federal Plaza address could be considered Chavez' actual place of business. *Kwon*, 2006 WL 416375, at *2. Therefore, the Court finds that Chavez was not properly served.

If a plaintiff fails to serve a defendant within 120 days of the filing of the complaint, the court, upon motion or *sua sponte*, must either dismiss the action without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m). The court must extend the time for service if the plaintiff shows good faith, and the court also has discretion to grant extensions under other circumstances. *Id.* Courts in this district have held that "mistake or inadvertence of counsel . . . does not constitute 'good cause' justifying failure to effect timely service of process." *Moultry v. City of Poughkeepsie*, 154 F. Supp. 2d 809, 812 (S.D.N.Y. 2001) (citing *Mejia v. Castle Hotel, Inc.*, 164 F.R.D. 343, 345 (S.D.N.Y. 1996)); *see also Zankel v. United States*, 921 F.2d 432, 436 (2d Cir. 1990) ("[A] judge is certainly not required to treat inadvertence or ignorance of the rules as 'good cause' or 'excusable neglect' for delay in service."). Instead, "good cause is measured against the plaintiff's recognizable efforts to effect service and the prejudice to the defendant from the delay." *Moultry*, 154 F. Supp. 2d at 812 (citing *AIG Managed Mkt. Mut. Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000)). Critically, "when service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Id.* (citing *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir.1990)); *see also Mason Tenders Dist. Council Pension Fund v. Messera*, 95-CV-9341 (RWS), 1997 WL 221200, at *3

15

(S.D.N.Y. Apr. 1, 1997) ("Pursuant to Rule 4(m), the plaintiff bears the burden of proof in showing that it had good cause in not timely serving the defendant.").

Here, plaintiff has not advanced a single argument that he had good cause for his failure to serve Chavez at his "actual place of business." To the contrary, plaintiff was given multiple opportunities to cure the defect, and chose not do so. On July 26, 2010, well in advance of the expiration of the 120-day deadline prescribed in Rule 4(m), the federal defendants advised plaintiff that his purported service was insufficient, and, in a showing of good faith, notified plaintiff that Chavez had designated an agent who could accept service of process on his behalf, and provided the agent's contact information. (See Decl. of Margaret Kolbe, Ex. A (Doc. No. 29-4), at 4–5 (e-mail to plaintiff's counsel from F. Franklin Amanat, Supervisory Assistant United States Attorney, Deputy Chief, Civil Division, United States Attorney's Office). Furthermore, on July 30, 2010, and again on August 10, 2010, defendants filed letter requests with the Court that highlighted the deficient service. (See Letter Mot. for Pre-Motion Conf. (Doc. No. 7) at 1 n.1; Letter Mot. for Extension of Time to File Ans. (Doc. No. 8) at 1.) Despite these admonitions, and the federal defendants' earnest efforts to assist plaintiff to serve Chavez, plaintiff did nothing to cure the defect. Accordingly, the Court is constrained to find that plaintiff has not shown good cause to extend the 120-day period. Therefore, the federal defendants' motion to dismiss all claims against Chavez for insufficient service under Rule 12(b)(5) is GRANTED, and those claims are DISMISSED without prejudice.

### ii. Failure to file proof of service within 20 days

As noted above, New York Civil Practice Law and Rules 308(2) requires also that a plaintiff file proof of service with the Clerk of Court within 20 days of mailing and delivering the

summons. Here, plaintiff filed the Shanahan summons outside of the twenty-day period.[6] (*See* Shanahan Summons at 1.) However, the filing of proof of service under N.Y. C.P.L.R. 308(2) is not jurisdictional in nature; rather, it completes service and triggers a defendant's responsive obligations under C.P.L.R. 320(a). *Helfand v. Cohen*, 487 N.Y.S.2d 836, 838 (App. Div. 1985); *see Conde v. Zaganjor*, 886 N.Y.S.2d 829, 829–30 (App. Div. 2009). Thus, a delayed filing of proof of service is merely a procedural "nonjurisdictional irregularit[y]" that can be cured by order of the court allowing the filing "*nunc pro tunc*." *Bell v. Bell, Kalnick, Klee & Green*, 668 N.Y.S.2d 177, 178 (App. Div. 1998); *Weininger v. Sassower*, 612 N.Y.S.2d 249, 250 (App. Div. 1994). The only procedural consequence of a belated filing is postponement of defendant's time to appear. *See Rosato v. Ricciardi*, 571 N.Y.S.2d 633, 634 (App. Div. 1991) (plaintiff's failure to file proof of service could be corrected *nunc pro tunc*, but retroactive entry of default judgment would be improper because defendant's time to appear never began to run). Accordingly, plaintiff's belated filing of the summons does not defeat personal jurisdiction over Shanahan. However, as discussed herein, the Court dismisses all claims against Shanahan on other grounds.

### IV. Plaintiff's state law claims

The Court, having dismissed all of plaintiff's federal claims, declines to exercise supplemental jurisdiction over plaintiff's state law claims, and dismisses all state law claims without prejudice. 28 U.S.C. § 1367; *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003).

---

[6] The returned Chavez summons was also filed after expiration of the 20-day period. (See Chavez Summons at 1.) However, as the Court has found that plaintiff failed properly to serve Chavez, it is irrelevant whether the ineffective summons was timely filed, and the Court's discussion of timely filing, therefore, is limited to Shanahan.

17

## CONCLUSION

For the reasons set forth above, all federal and state claims against defendants United States Attorney General Eric Holder, Jr., Secretary of the Department of Homeland Security Janet Napolitano, Immigration and Customs Enforcement ("ICE") employees Christopher Shanahan and Melvin Chavez, and the General Services Administration are DISMISSED.

This matter is recommitted to the assigned magistrate judge for supervision of discovery and all other pre-trial matters with respect to remaining defendants Ahtna, Officer Gaston, and Lieutenant Smith.

SO ORDERED.

Dated: Brooklyn, New York
December 29, 2011

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge